**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORIGA**
**ROME DIVISION**

| | | |
|---|---|---|
| MAVERICK FUND, LTD., | ) | |
| MAVERICK USA, L.P., MAVERICK | ) | |
| FUND II, LTD., MAVERICK LONG | ) | |
| FUND, LTD., MAVERICK LONG | ) | |
| ENHANCED FUND, LTD., AND | ) | Civil Action No. |
| SPRUGOS INVESTMENTS IX, L.L.C., | ) | 4:21-cv-118-VMC |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| MOHAWK INDUSTRIES, INC., | ) | |
| JEFFREY S. LORBERBAUM, FRANK | ) | |
| H. BOYKIN and BRIAN CARSON, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## DEFENDANTS' MOTION TO CONSOLIDATE RELATED CASES

The above-styled action, *Maverick Fund, Ltd. v. Mohawk Industries, Inc. et al.,* Case No. 4:21-cv-118-VMC ("*Maverick* Action") filed on June 21, 2021, alleges nearly identical facts, theories, and federal and state law claims as two other individual lawsuits subsequently filed in this Court styled *Hound Partners Offshore Fund, L.P. et al. v. Mohawk Industries, Inc. et al.,* Case No. 4:22-cv-00073-VMC (N.D. Ga.) ("*Hound* Action") and *Fir Tree Value Master Fund, L.P. v. Mohawk*

1

*Industries, Inc. et al.*, Case No. 4:22-cv-00098-VMC (N.D. Ga.) ("*Fir Tree* Action,"

and, together with the *Maverick* and *Hound* Actions, the "Related Actions").

The Related Actions also involve substantially the same subject matter,

factual issues, and parties as a putative securities class action pending in this Court

styled *Public Employees' Retirement Sys. of Mississippi v. Mohawk Indus., Inc., et*

*al.*, 4:20-cv-00005-VMC (N.D. Ga.) ("Related Class Action") filed on January 3,

2020.  *See* ECF No. 26 (Plaintiff's Notice of Related Case, Motion to Reassign to

Judge Ross, and Memorandum of Law in Support).[1]

Because the complaints are nearly indistinguishable, and come more than a

year after *Maverick* was filed, consolidation is important for judicial efficiency, to

save party resources, and to avoid unnecessary duplication and potential confusion.

Indeed, the pending Motions to Dismiss filed by Defendants on July 6, 2022 (*Hound*

Action)[2] and July 27, 2022 (*Fir Tree* Action)[3] advance near-identical arguments to

the Motion to Dismiss filed in the *Maverick* action.[4]  The Motions to Dismiss argue

that Plaintiffs in each of the Related Actions failed to adequately plead the essential

---

[1]  After the Related Class Action was reassigned to Judge Calvert, the present action was likewise reassigned.  *See* ECF No. 52.

[2] *Hound* Action, ECF Nos. 23, 24, 25.

[3] *Fir Tree* Action, ECF Nos. 28, 29, 30.

[4] *Maverick* Action, ECF Nos. 35, 36, 38.

element of loss causation, as well as Georgia RICO claims and Georgia RICO conspiracy claims. The Motions to Dismiss filed in the *Hound* Action and *Maverick* Action also put forth substantially the same argument that the Section 18 and Georgia Securities Act claims in those complaints are time-barred.

In the interests of preserving party and judicial resources and promoting efficiency, Mohawk Industries, Inc., Mr. Jeffrey S. Lorberbaum, Mr. Frank H. Boykin, and Mr. Brian Carson ("Defendants") move the Court to enter an Order in the form of Exhibit A consolidating the later-filed *Hound* and *Fir Tree* Actions with the earlier-filed *Maverick* Action.[5]

For clarity and consistency, Defendants will make separate submissions in the *Hound* and *Fir Tree* Actions regarding the present Motion to Consolidate Related Cases seeking entry of the Proposed Order in those actions as well.

## ARGUMENT AND CITATION OF AUTHORITY

### I.    MOTION TO CONSOLIDATE

Under Rule 42(a), this Court has the power, and broad discretion, to consolidate actions when there are common questions of law or fact to avoid unnecessary costs or delay. *See In re Pickstock*, No. 1:21-cv-3281-CAP-JCF, 2022

---

[5] The Motions to Dismiss in the *Maverick* Action have been pending since March 8, 2022. The Motions to Dismiss in the *Hound* and *Fir Tree* Actions are not yet fully briefed.

U.S. Dist. LEXIS 59298, at *2 (N.D. Ga. Feb. 10, 2022).  The Eleventh Circuit encourages trial judges to "make good use of Rule 42(a)… in order to expedite the trial and eliminate unnecessary repetition and confusion." *Hendrix v. Raybestos-Manhattan, Inc.,* 776 F.2d 1492, 1495 (11th Cir. 1985) (affirming pre-trial consolidation of actions where plaintiffs were different but cases presented common issues of law and fact).

District courts routinely exercise this power and authority to consolidate securities cases "where the complaints are based on 'the same public statements and reports' and where consolidation would not prejudice the defendants." *See Biver v. Nicholas Fin., Inc.,* No. 14-cv-T-33TGW, 2014 U.S. Dist. LEXIS 60019, at *6-7 (M.D. Fla. Apr. 30, 2014) (granting motion to consolidate related securities class actions when the actions presented virtually identical factual and legal issues); *Crowe v. JPMorgan Chase & Co.,* No. 09 Civ. 778, 2009 U.S. Dist. LEXIS 107961, at *4-8 (S.D. N.Y. Nov. 13, 2009) (rejecting individual plaintiff's argument that its complaint's more limited time period should prevent consolidation with previously consolidated securities actions); *Adcock v. Netbank, Inc.,* No. 07-CV-2298-BBM, 2008 WL 11322962, at *3 (N.D. Ga. Apr. 21, 2008) ("[c]onsolidation of complex actions that are related, particularly securities cases, is an effective use of judicial resources.") (internal citation omitted).  The minor differences in the common law

fraud and RICO claims pled in the *Maverick, Hound,* and *Fir Tree* complaints do not weigh against consolidating the Related Actions. *See Primavera Familienstiftung v. Askin*, 173 F.R.D. 115, 130 (S.D.N.Y. 1997) ("consolidation [is] appropriate where the predicate acts [of a RICO claim] are the same acts alleged in the securities fraud class actions.") (citing *Disc. Bank & Tr. Co. v. Salomon, Inc.*, 141 F.R.D. 42 (S.D.N.Y. 1992)).

In the context of individual securities actions like the Related Actions, courts have consolidated such cases for judicial economy, and to avoid delays, duplicative litigation, and potentially inconsistent results. *See, e.g., Ont. Teachers' Pension Plan Bd. v. Teva Pharm. Indus., Ltd.*, No. 3:17-cv-558 (SRU), 2020 U.S. Dist. LEXIS 42686, at *48 (D. Conn. Mar. 10, 2020) (consolidating multiple individual securities actions with securities class action); *In re ProShares Tr. Secs. Litig.*, 2010 U.S. Dist. LEXIS 49800, at *4-6 (S.D. N.Y. May 17, 2010) (granting a motion to consolidate an individual securities case with a proposed class action over plaintiff's objection when all claims dealt with issues arising from the same statement by defendants), *aff'd*, 728 F.3d 96 (2d Cir. 2013); *In re WorldCom, Inc. Sec. Litig.*, 2002 WL 31867720, at *1 (S.D.N.Y. Dec. 23, 2002) (same).

As one Court within this Circuit has explained, "[c]onsolidation of [securities actions] is recognized as benefitting the court and the parties by expediting pretrial

proceedings, reducing case duplication, and minimizing the expenditure of time and money by all persons concerned." *Newman v. Eagle Bldgs. Techs.*, 209 F.R.D. 499, 501-02 (S.D. Fla. Jul. 31, 2002).    Likewise, in *WorldCom*, the court found consolidation of numerous individual securities cases was necessary to "achieve economies for the parties and the Court and to achieve substantial justice for the parties," while avoiding "unnecessary delay" and "duplicative, wasteful litigation." *In re WorldCom, Inc. Sec. Litig.*, 2003 WL 21219037, at *1, *3 (S.D.N.Y. May 22, 2003), *aff'd sub nom by Gimbel v. UBS Fin. Servs.*, 568 F.3d 329 (2d Cir. 2009).

With regard to the Related Actions at issue here, consolidation is warranted because the Related Actions involve common questions of fact and law, including:

- The Related Actions all allege claims under Sections 10(b) and 20(a) of the Securities Exchange Act of 1934[6];

- The Related Actions all allege the Georgia state law claims for violations of the Georgia Racketeer Influenced and Corrupt Organization Act, O.C.G.A. Sections 16-14-4(a)-(c)[7];

---

[6] The *Maverick* and *Hound* Actions also allege claims under Section 18 of the Securities Exchange Act of 1934.

[7] The *Maverick* and *Hound* Actions also allege the following Georgia state law claims: common law fraud, negligent misrepresentation, violations of the Georgia Uniform Securities Act of 2008: Section 110-5-50 *et seq.*, and for punitive damages.

- The Related Actions all assert those claims against Mohawk Industries, Inc. and Messrs. Lorberbaum, Boykin, and Carson;

- The Related Actions all arise out of the same alleged misstatements concerning Mohawk's process for recognizing revenue for certain Saturday deliveries, Mohawk's inventory, and Mohawk's luxury vinyl tile business; and

- The Related Actions' Motions to Dismiss press nearly identical arguments related to Plaintiffs' failure to adequately plead loss causation and Georgia RICO claims, and, with respect to the *Maverick* Action and *Hound* Action Motions to Dismiss, similar arguments that the Section 18 and Georgia Securities Act claims are time-barred.

Accordingly, consolidating the *Hound* and *Fir Tree* Actions with the earlier-filed *Maverick* Action is in the interest of judicial economy and efficiency, and will avoid duplicative and wasteful litigation by the parties.  Such consolidation would allow the Related Actions to proceed under a single case caption on one docket, permit the Court to issue an omnibus decision on the Motions to Dismiss in the Related Actions, and, if the Related Actions proceed to discovery, allow for coordination with one schedule and one liaison discovery counsel for plaintiffs, and one liaison discovery counsel for Defendants.

## PROPOSED CONSOLIDATION

For the foregoing reasons, Defendants respectfully submit that pursuant to Rule 42(a) and its discretionary powers, this Court should consolidate the Related Actions and enter the Proposed Order, attached as Exhibit A, to streamline pretrial activity.  *See* Fed. R. Civ. P. 42(a)(2) & (3) (permitting court to consolidate actions involving common questions of law or fact and to "issue any other orders to avoid unnecessary cost or delay").

DATED: August 9, 2022

Respectfully submitted,

**PARKER, HUDSON, RAINER & DOBBS LLP**

*/s/ William J. Holley, II*
William J. Holley, II
Georgia Bar No. 362310
Scott E. Zweigel
Georgia Bar No. 786616
303 Peachtree Street N.E.
Atlanta, Georgia 30308
Telephone: (404) 523-5300
Facsimile: (404) 522-8409
Emails: wholley@phrd.com
        szweigel@phrd.com

**ALSTON & BIRD**

*/s/ Robert R. Long*
Robert R. Long
Georgia Bar No. 141546
Elizabeth Gingold Clark
Georgia Bar No. 917979
Courtney E. Quirós
Georgia Bar No. 527069
1201 West Peachtree Street
Atlanta, Georgia 30309
Telephone: (404) 881-7000
Facsimile: (404) 881-7777
Emails: robert.long@alston.com
        elizabeth.clark@alston.com
        courtney.quiros@alston.com

**MORVILLO ABRAMOWITZ GRAND**
**IASON & ANELLO PC**

*Counsel for Defendant Mohawk Industries, Inc.*

Richard D. Weinberg (*Pro Hac Vice*)
William C. Kinder (*Pro Hac Vice*)
565 Fifth Avenue
New York, New York 10017
Telephone: (212) 856-9600
Facsimile: (212) 856-9494
Emails: rweinberg@maglaw.com
      wkinder@maglaw.com

*Counsel for Jeffrey S. Lorberbaum*


/s/ Henry D. Fellows, Jr.
Henry D. Fellows, Jr.
Georgia Bar No. 257825
Michael C. Gretchen
Georgia Bar No. 522171
**FELLOWS LABRIOLA LLP**
Suite 2300 South Tower
225 Peachtree Street, N.E.
Atlanta, Georgia 30303
Telephone: (404) 586-9200
Facsimile: (404) 586-9201
Emails: hfellows@fellab.com
      mgretchen@fellab.com

*Attorneys for Defendant Frank H. Boykin*


/s/ Stephen E. Hudson
Stephen E. Hudson
Georgia Bar No. 374692
**KILPATRICK TOWNSEND &**
**STOCKTON**

1100 Peachtree Street, NE
Suite 2800
Atlanta, Georgia 30309
Telephone: (404) 815-6500
Facsimile: (404) 815-6555
Email: shudson@kilpatricktownsend.com

*Attorney for Defendant Brian
Carson*

## <u>LOCAL RULE 7.1D CERTIFICATION</u>

By signature below, counsel certifies that the foregoing document was prepared in Times New Roman, 14-point font in compliance with Local Rule 5.1B.

*/s/ Robert R. Long*

Robert R. Long
Georgia Bar No. 141546

## **CERTIFICATE OF SERVICE**

The undersigned counsel certifies that on August 9, 2022, the foregoing was filed with the Clerk of Court using the CM/ECF system, which will automatically send notification of such filing to all counsel of record:

/s/ *Robert R. Long*
Robert R. Long
Georgia Bar No. 141546